## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MICHAEL MOSS and MARY ANN MOSS,
on behalf of themselves and on behalf of
JENNIFER MOSS

               Plaintiffs,

      v.

LA ENTRADA AT RANCHO VIEJO
COMMUNITY ASSOCIATION, INC.;
UNIVEST-RANCHO VIEJO, LLC;
REXFORD ROSS; PATRICK THOMAS;
PATRICIA BARNES; CASS THOMPSON;
KENNETH VELLON; and EUNICE
VELLON,

               Defendants.

Case No. 1:13-cv-1081 SWS-WPL

**JURY DEMAND**

## SECOND AMENDED COMPLAINT FOR INJUNCTIVE, DECLARATORY, AND MONETARY RELIEF

### NATURE OF ACTION

1.     Plaintiffs Michael Moss and Mary Ann Moss bring this action on behalf of themselves and on behalf of their daughter Jennifer Moss under the federal Fair Housing Act, 42 U.S.C. §§ 3601, *et seq*., the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*, and New Mexico common law to redress injuries they have suffered and continue to suffer as a result of Defendants' actions and inactions related to Jennifer Moss's access to the family's home and to walkways and public common areas in the La Entrada at Rancho Viejo community.

2.     Michael and Mary Ann Moss own the home at 93 Via Orilla Dorado in La Entrada at Rancho Viejo.  Their daughter, Jennifer Moss, is wheelchair dependent for mobility due to cerebral palsy.   For years, the sidewalk running in front of the Mosses' home had no curb cuts and Jennifer Moss had to be pushed off the curb and into the street if she wanted to travel

from her home.  In addition, the Mosses' immediate neighbors to the east, Kenneth and Eunice Vellon, have made it a regular practice to park their cars in their driveway, which completely blocks the sidewalk along Via Orilla Dorado.

3.    Plaintiffs bring this action against La Entrada at Rancho Viejo Community Association, Inc. ("Association"); developer Univest-Rancho Viejo LLC ("Univest"); and past and present members of the Association Board Rexford Ross, Patrick Thomas, Patricia Barnes, and Cass Thompson (collectively "La Entrada Defendants").  Plaintiffs also bring this action against Kenneth and Eunice Vellon ("the Vellons").  Individually and collectively, Defendants failed over a period of years to provide curb cuts on the sidewalk running in front of the Mosses' home, to deny access along the sidewalk, and to take any other effective action to prevent the Vellons from blocking the sidewalk.  In fact, in 2011, the Vellons were granted affirmative permission to park their vehicles on the sidewalk.

4.    The La Entrada Defendants have denied the Mosses' requests for a reasonable accommodation that would allow Jennifer Moss to travel along the sidewalk to the east of her home, including to the bus stop, the community mailboxes, and the public open space in the community.

5.    By their actions, Defendants have individually or collectively injured Jennifer Moss through their denial of her rights under the Fair Housing Act and/or Americans with Disabilities Act and have further injured Michael and Mary Ann Moss because of their association with their daughter.

6.    In blocking the sidewalk and enabling the Vellons to block the sidewalk, Defendants created a nuisance substantially impairing the Mosses' use and enjoyment of their home at 93 Via Orilla Dorado.  Additionally, by expressly permitting and subsequently refusing

to remedy the Vellons' parking practices, Defendants created an obstruction that unreasonably interferes with the Mosses' use and access easement along the sidewalk running along the north of Via Orilla Dorado. Defendants' conduct constitutes a breach of the duty of care Defendants owed Plaintiffs.

7.    Alternatively, if Defendants' conduct is otherwise lawful, the injury intentionally and/or without justification caused to plaintiffs is nonetheless tortious and actionable under the prima facie tort doctrine.

8.    On the basis of the violations asserted herein, the Mosses seek compensatory and punitive damages, a declaratory judgment, and an injunction directing Defendants to desist from and remedy their discriminatory conduct.

## PARTIES

9.    Jennifer Moss is wheelchair dependent for mobility and as such has a disability as defined under the Fair Housing Act and Americans with Disabilities Act. Ms. Moss has cerebral palsy, which substantially limits her ability to walk – a major life activity. Ms. Moss regularly stays at the home at 93 Via Orilla Dorado, Santa Fe, New Mexico.

10.    Michael and Mary Ann Moss are the parents and legal guardians of Jennifer Moss. The Mosses own the home at 93 Via Orilla Dorado and hold a use and access easement in the common areas of the community, including the sidewalk running in front of their home. The Mosses regularly live with their daughter at the home at 93 Via Orilla Dorado. The Mosses regularly push Ms. Moss in her wheelchair from her home to various locations in the surrounding community.

11.    La Entrada at Rancho Viejo Community Association, Inc., is an active corporation incorporated under the laws of New Mexico with its principal place of business at

9798 Coors Blvd, Building A, Albuquerque, New Mexico. The Association is a duly organized homeowners association under the laws of New Mexico. Under the La Entrada at Rancho Viejo charter, the Association maintains rules, regulations, and covenants for the community. Additionally, the Association has the authority to preclude or take enforcement action against activities that violate local or state laws, including the state law that prohibits parking vehicles on sidewalks. The Association operates and maintains a variety of public common areas in the community, including the public walkways, small parks/open spaces, and community mailbox. Consistent with its obligations, the Association holds an easement in these public common areas, including the walkways. At all times relevant to this complaint, the Association retained and exercised the authority to enforce the Association Rules and Community Charter ("Charter").

12.    Univest-Rancho Viejo, LLC is an active limited liability company incorporated under the laws of New Mexico with a mailing address of 200 W. Marcy Suite 129, Santa Fe, NM 87501. Univest is a real estate development company that is continuing to develop the subdivision of La Entrada at Rancho Viejo. On information and belief, Univest has an ownership interest in the property comprising the common areas of the La Entrada neighborhood, including the sidewalk on the north side of Via Orilla Dorado. Univest holds and exercises the rights accorded to the developer during the "Founder Control Period" as set out in charter governing the Association. Pursuant to those rights, Univest representatives constitute a majority on the Association Board.

13.    Rexford Ross, a resident of Maricopa County, Arizona, was a member of the Association Board from December 2010 until November 2012. Ross served as a Univest representative on the Board pursuant to Univest's rights during the Founder Control Period.

Upon information and belief, during his tenure on the Board, Ross was employed by or otherwise represented Univest.

14.     Patrick Thomas, a resident of Santa Fe County, New Mexico, served as the President of the Association Board from 2010 until January 2013.  Thomas served as a Univest representative on the Board pursuant to Univest's rights during the Founder Control Period.

15.     Patricia Barnes, a resident of Santa Fe County, New Mexico, is a unit owner in La Entrada at Rancho Viejo who has served as Vice President of the Association Board since 2010. She is elected by unit owners in La Entrada and serves as the community representative on the Board.

16.     Cass Thompson, a resident of Santa Fe County, New Mexico, was appointed by Univest to the Association Board in November 2012 and has served as president of the Board since January 2013.  Thompson serves as a Univest representative on the Board pursuant to Univest's rights during the Founder Control Period.  Upon information and belief, Thompson is employed by Univest and has an ownership interest in the company.

17.     Kenneth Vellon and Eunice Vellon are residents of Santa Fe County, New Mexico, and own a home within the La Entrada at Rancho Viejo subdivision adjacent to the Mosses' home at 95 Via Orilla Dorado, Santa Fe, NM 87508.

**JURISDICTION AND VENUE**

18.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), and 28 U.S.C. § 1367.

19.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in the District of New Mexico.

## FACTUAL BACKGROUND

### I.    The Mosses' Home in La Entrada

20.    In the summer of 2009, Michael and Mary Ann Moss signed a contract for the construction of a house at 93 Via Orilla Dorado.  The Mosses closed on the completed home in January 2010 and moved in the next month.  As owners of the home at 93 Via Orilla Dorado, the Mosses hold an easement in the common areas and walkways in the La Entrada neighborhood, including a use and access easement in the sidewalk running in front of their home.

21.    The Mosses, who also own a home in Colorado, stay approximately a quarter to half of their time in the home at 93 Via Orilla Dorado, depending on the season and the activities occurring in Santa Fe that would interest and involve their daughter.  When the Mosses purchased the house at 93 Via Orilla Dorado, they planned to permanently relocate there as soon as practicable.  However, concern for their daughter's safety and mobility within her community, in light of the discriminatory barriers at La Entrada, have prevented them from moving to their Santa Fe home.  The Mosses would move to their home in Santa Fe if Jennifer Moss could access the home safely.

22.    On a typical day at 93 Via Orilla Dorado, Jennifer Moss, with assistance from her parents or a caregiver, will engage in a variety of activities outside the home that require travelling to her uncle's home, the bus stop, the community mailbox, and other common and public areas of the community.

### II.    The Lack of Access to the Mosses' Home

23.    Until the summer of 2013, there were no curb cuts in the sidewalk on the north side of Via Orilla Dorado where the Mosses' home is located.  To access any area of the community (other than the short length of sidewalk to the west of her home that leads to an

undeveloped area) by any means other than a vehicle, Ms. Moss would have to negotiate the dangerous maneuver of taking her wheelchair off the curb and be pushed up the road until she could reach a curb cut on the south side of Via Orilla Dorado. She could then get back on the sidewalk and travel to her destination.

24.    Ms. Moss must be pushed up the street because throughout the Mosses' tenure on Via Orilla Dorado, the owners of the home adjacent to the Mosses to the east—Kenneth and Eunice Vellon—have parked their vehicles in their driveway in front of their garage. When parked in their driveway, the Vellons' cars completely obstruct the sidewalk on the north side of Via Orilla Dorado:



25.    In June 2011, Association Board President Patrick Thomas, citing his authority as "Founder representative" in La Entrada, granted the Vellons permission to park their vehicles on the sidewalk. Upon information and belief, Thomas, Univest, and the Association took this action because they did not want to make an exception to the Association's rule that homeowners

in the community cannot park on the street. Upon information and belief, other board members acquiesced or participated in the decision to allow the Vellons to block the sidewalk, both when the decision was made in June 2011 and subsequently when the Mosses requested assistance.

26.    The presence of the Vellons' cars deprives the Mosses of the reasonable use and enjoyment of their easement in the sidewalk because they are unable to safely travel along the sidewalk with their wheelchair-bound daughter.

27.    The presence of the Vellons' cars disturbs and substantially impairs the Mosses' ability to use and enjoy their property at 93 Via Orilla Dorado by creating a dangerous obstacle to Jennifer Moss's access to and from the home.

28.    In the summer of 2013, after years of requests by the Mosses, the Association installed curb cuts at two points along the north side of Via Orilla Dorado. The curb cut to the east of the Mosses' home remains inaccessible to Ms. Moss because the Vellons' vehicles block the sidewalk that must be traversed in order to reach that curb cut. The curb cut to the west of the Mosses' home leads to a mostly undeveloped area with a non-completed sidewalk where there are no services or common or public areas.

29.    Before the summer of 2013, the absence of curb cuts deprived the Mosses of the reasonable use and enjoyment of their easement in the sidewalk and other walkways and common areas in the community because the uncut curbs obstructed Jennifer Moss's safe access to those areas.

30.    The lack of curb cuts also impaired the Mosses' ability to use and enjoy their property at 93 Via Orilla Dorado because the uncut curbs prevented Ms. Moss from safely traveling in her wheelchair to and from her home.

31.    To the east of the Mosses' home there are hiking and biking trails that were marketed by the Association and influenced the Mosses' decision to purchase the home. There are paths and open spaces owned, operated and/or under the control of the La Entrada Defendants that Jennifer Moss would use more frequently if she could access them without having to take her wheelchair off the curb.

32.    Michael and Mary Ann Moss informed each of the Defendants on numerous occasions that Jennifer Moss is wheelchair dependent due to her cerebral palsy and that the absence of curb cuts and the Vellons' cars obstructed Ms. Moss's access to and from her home. As early as the summer of 2011, an Association Board Member acknowledged in a conversation with Mary Ann Moss that vehicles parked in the driveway of 95 Via Orilla Dorado would block her daughter's access.

**III.    Lack of Access to Parks and Open Spaces Owned By Defendants**

33.    The open spaces and small parks owned and operated by Univest and the Association are open indiscriminately to use by members of the public. Members of the public who are not constrained by disability regularly use these places for various purposes.

34.    The Vellons' vehicles obstruct wheelchair access to the parks and open spaces. Defendants have not taken any effective action to remove those obstacles and allow Ms. Moss equal and safe access to the parks.

**IV.    The Mosses' Attempts to Seek Accommodation from the La Entrada Defendants to Allow Ms. Moss Access to Her Home**

35.    For more than two years before filing the present action in federal court, the Mosses made repeated requests to the La Entrada Defendants to install curb cuts and prevent the Vellons' cars from blocking the sidewalk. Each of the numerous times that Defendants elected not to grant the Mosses' requests, Defendants did so without justification and with the certain

knowledge that their inaction would necessarily result in injury to Plaintiffs by continuing to deprive Jennifer Moss of safe access to and from her home and other areas in the community.

36.     In August 2011, Mr. Moss made a request to Defendant Rexford Ross, in his capacity as a representative of Univest and member of the Association Board, to have curb cuts installed on the north side of Via Orilla Dorado.  Mr. Moss also stated to Mr. Ross that the vehicles consistently parked in the driveway of 95 Via Orilla Dorado blocked Ms. Moss's access along the sidewalk and further prevented her (in addition to the difficulties created by the absence of curb cuts) from accessing the common areas of the complex, the bus stop serving the neighborhood, and other areas she would otherwise have frequented.  Mr. Ross informed Mr. Moss that he would investigate the issue.

37.     Upon information and belief, Mr. Ross was at that time responsible for managing sidewalk construction projects in La Entrada at Rancho Viejo.  In the months following his August 2011 conversation with Mr. Moss, Mr. Ross caused curb cuts to be installed on the sidewalk across the street from the Mosses' home while failing to install curb cuts on the north side of Via Orilla Dorado, where he knew they would benefit Jennifer Moss.

38.     At the November 2011 Association Board meeting, Mr. Moss spoke again to Mr. Ross regarding the curb cuts.  Mr. Ross responded that the concrete pouring season was over and that the Association would ensure that cuts were installed at the first opportunity during the following season.

39.     In December 2011, Mr. Moss reminded Mr. Ross and Defendant Patrick Thomas, who was then President of the Association's Board, that the absence of curb cuts was interfering with the Mosses' use and enjoyment of their home and Jennifer Moss's ability to access the sidewalk.

40.    Contrary to Mr. Ross's assurances in November 2011, the 2012 warm season passed without Mr. Ross, the Association, or Univest taking any steps to install curb cuts on the north side of Via Orilla Dorado.

41.    In November 2012, Mr. Moss informed Defendant Cass Thompson, a Univest representative and newly appointed Association Board Member, of the effect of the Vellons' parked cars on Ms. Moss's ability to travel to and from her home.  Mr. Moss also described to Mr. Thompson the ongoing effect of the absence of curb cuts.  Mr. Moss asked that both obstacles be remediated.  Mr. Thompson indicated that he would check into the issue.

42.    On December 3, 2012, Mr. Moss contacted Defendant Thompson to determine the status of resolving the lack of access for Ms. Moss.  Mr. Thompson replied that he still had to confer with others before providing any response.

43.    On December 22, 2012, Mr. Moss again contacted Defendant Thompson to determine the status of resolving the access issues.  Mr. Thompson responded "I'll let you know."

44.    On January 13, 2013, Mr. Moss wrote to Defendants Thompson, Thomas, Ross, and the Association Manager reiterating the need for curb cuts and a clear path of access along the sidewalk that was continuously blocked by the Vellons' vehicles.  He did not receive any response.

45.    On January 16, 2013, after calling Defendant Barnes and informing her about the lack of curb cuts and the blockage created by the Vellons' parking, Mr. Moss forwarded his January 13th email to her and asked for her assistance in obtaining a response to his requests.

46.     At the Homeowners' Association meeting that day, Mr. Moss asked Defendants Cass Thompson and Patricia Barnes to resolve the access issues.  They responded that they would confer and get back to him.

47.     In February and March 2013, Mr. Thompson stopped responding to emails or phone calls from the Mosses.  Although Mr. Moss exchanged several emails and had several conversations with Ms. Barnes regarding the access issues, the Association took no action.

48.     On March 26, 2013, Mr. Moss re-sent his January 17, 2013 correspondence asking for a resolution to the access issues to Association Manager John Holt.  Mr. Holt stated to Mr. Moss that he understood that the Board had granted a variance to the Vellons to allow them to park their car in their driveway, which would necessarily block the sidewalk.

49.     In May 2013, Association Manager Holt stated that the Board would write a letter to the Vellons.  The Board did not inform the Mosses of the content of the letter.

50.     If the Board sent a letter to the Vellons regarding their blocking the sidewalk with their cars, it did not change the Vellons' parking practice, as both of their vehicles continued to be parked in the driveway, blocking the sidewalk.

51.     On July 3, 2013, Defendants Patricia Barnes and Patrick Thomas visited Michael and Mary Ann Moss at the Mosses' home to discuss the sidewalk access issues.  During this meeting, it became clear that the Association did not intend to use its enforcement authority to require the Vellons to move their cars.

52.     On July 15, 2013, Mary Ann Moss sent Ms. Barnes an email describing where the curb cuts should be installed and reporting that Mr. Thompson had agreed to that location and had a drawing showing the exact spots.  In response, Ms. Barnes, without justification, accused

the Mosses—rather than the Association—of delaying installation of the curb cuts by somehow refusing to mark the same curb cuts again.

53.    On August 19, 2013, the Mosses' legal counsel contacted the Association by letter and again articulated the access obstacles created for Jennifer Moss by the vehicles parked in the 95 Via Orilla Dorado driveway and the absence of curb cuts.  The letter identified the Association's authority to enforce state laws, the state law that prohibits the parking of vehicles on sidewalks, and the remedies available to the Association.  The letter specifically requested a reasonable accommodation from any practice or policy that prevented the Association from taking action to remove the vehicles parked on the sidewalk.

54.    On August 28, 2013, counsel for the Association responded by noting that the Association had forwarded the Mosses' counsel's letter to the Vellons and suggesting that it would take no further action.

55.    On September 3, 2013, counsel for the Mosses informed counsel for the Association that it had not taken any effective action to ensure Ms. Moss's access along the sidewalk running in front of her house and that the Vellons' cars continued to block the sidewalk.

56.    The Association did not respond to the September 3, 2013 correspondence.

57.    The Vellons continued to block the sidewalk with their cars without any effective intervention from the La Entrada Defendants for at least four months after the date the initial complaint commencing this matter was filed and served on the La Entrada Defendants.

## V.    Defendants' Authority and Actions

58.    Under its Charter, the Association retains and exercises the authority to enforce Association rules and local and state laws through a range of measures, up to and including self-

13

help in towing vehicles.  The Association acts under the control and direction of its Board. Pursuant to the charter provisions in effect during the current period of "Founder Control," Univest controls a majority on the Association Board.

59.     State law prohibits stopping, standing, or parking a vehicle on a sidewalk. N.M.S.A. § 66-7-351.

60.     Acting through its board, the Association affirmatively granted permission to the Vellons to park their cars in a way that blocked the sidewalk, although the practice the Association purported to authorize violated N.M.S.A. § 66-7-351.  This "parking variance" was memorialized in writing on June 2, 2011 by Defendant Patrick Thomas, then President of the Board, citing his authority as "Founder's representative in La Entrada."  Defendants Rexford Ross and Patricia Barnes were members of the Board in June 2011.  Defendants subsequently relied on the variance in declining to take effective and available enforcement action to preclude the Vellons from blocking the sidewalk.

61.     The La Entrada Defendants' governance of La Entrada at Rancho Viejo, including the initial period of Founder Control, is a term, condition, and privilege of the purchase of homes in the community, including Plaintiffs' purchase of the home at 93 Via Orilla Dorado.

62.     The La Entrada Defendants' enforcement and authority to enforce Association rules and local and state laws is a service within the meaning of 42 U.S.C. § 3604(f)(2).

63.     The La Entrada Defendants are responsible for maintaining the sidewalks and other common areas in La Entrada at Rancho Viejo.  The maintenance provided by the Association is also a service within the meaning of 42 U.S.C. § 3604(f)(2).

64.     The La Entrada Defendants own and operate parks and/or open spaces that are places of public accommodation within the meaning of 42 U.S.C. § 12181.

14

65.     Federal law imposes on the La Entrada Defendants a duty to maintain access to the parks and open spaces in operable working condition, including the duty to keep access to those places clear of obstacles where their removal would be readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.211(a).

66.     Plaintiffs' numerous requests that the La Entrada Defendants exercise their authority to require the Vellons to move their cars and/or to revoke the permission given the Vellons to park on the sidewalk constituted requests for accommodations. Plaintiffs' numerous requests for the installation of curb cuts on the North side of Via Orilla Dorado likewise constituted requests for accommodation.  Over a period of years, the La Entrada Defendants refused to grant the accommodations.  The requested accommodations were reasonable and are explicitly contemplated and authorized by the Association's own rules.  Neither requiring the Vellons to move their vehicles nor installing the curb cuts could have imposed any undue financial or administrative burden on the Association or altered the nature of the Association's operation.

67.     Among other duties, Defendants, as holders of ownership interests in the walkways and common areas in the community, owe duties to the Mosses not to obstruct their use and access of their easement in the walkways and common areas and not interfere with the Mosses' use and enjoyment of their home.  These duties extend to all Defendants.

68.     Pursuant to the Association charter, the La Entrada Defendants are also under a duty not to abuse the discretion granted to them in determining whether to take enforcement action against the Vellons' parking practice.   The La Entrada Defendants' choice not to use the authority to preclude the Vellons from parking on the sidewalk is arbitrary and capricious.

69.     Defendant Vellons, as owners of a residence within the La Entrada at Rancho Viejo Community, were bound by the Community Charter and pertinent rules of the Association, and had a

legal obligation to exercise ordinary care and to abide by the Charter and rules, including not

blocking, obstructing, or denying Plaintiffs' reasonable use of and access to the sidewalk, other

common areas of the development, and the Mosses' easements.

70.     Through the actions described above, Defendants acted intentionally, maliciously,

and with willful, callous, wanton, and reckless disregard for Plaintiffs' rights.

## INJURY TO PLAINTIFFS

71.     As a direct and proximate result of Defendants' actions, policies and practices,

Plaintiffs have suffered and will continue to suffer humiliation, embarrassment, and mental and

emotional distress.

72.     The Mosses have constant anxiety about Jennifer's safety and the safety of

anyone who has to attend to her in any outdoor activity around their home. When Jennifer wants

or needs to leave the home to engage in any activity in the community or to take public

transportation, it creates stress and concern for the Mosses because she is forced to go over

a curb and be pushed in the street.

73.     The absence of accessible routes from the home has prevented and continues to

prevent Ms. Moss from obtaining a housing opportunity that is accessible to people without

disabilities.

74.     The absence of accessible routes from the home has prevented and continues to

prevent the Mosses from purchasing an electric scooter that Ms. Moss could operate on her own.

The risk of Ms. Moss injuring herself trying to drive off the curb is too great for the Mosses to

get the scooter.

75.     The absence of safe access to the parks and open space operated by the La

Entrada Defendants has prevented and continues to prevent Ms. Moss from enjoying recreation

opportunities available to other members of the public.

16

76.     The continued lack of access for Jennifer Moss along the Via Orilla Dorado sidewalk and Defendants' refusal to ameliorate that lack of access have prevented Plaintiffs from moving permanently to Santa Fe and their home at 93 Via Orilla Dorado.  The necessity of maintaining their home in Colorado has caused and continues to cause the Mosses to suffer economic losses.

### FIRST CLAIM FOR RELIEF
### (Violation of the Federal Fair Housing Act, 42 U.S.C. § 3601, *et seq.*)

77.     Plaintiffs reallege and incorporate by reference all of the allegations set forth in paragraphs 1 through 75 above.

78.     The actions of  Defendants as described herein make housing unavailable to Plaintiffs on the basis of Jennifer Moss's disability in violation of 42 U.S.C. § 3604(f)(1).

79.     The actions of Defendants as described herein constitute discrimination in the terms, conditions, and/or privileges of Plaintiffs' dwelling and/or in the provision of services or facilities in connection with Plaintiffs' dwelling on the basis of Jennifer Moss's disability in violation of 42 U.S.C. § 3604(f)(2).

80.     The actions of the La Entrada Defendants as described herein constitute discrimination by a refusal to make reasonable accommodations in rules, policies, and/or practices, which are necessary to afford Jennifer Moss equal opportunity to use and enjoy the Mosses' home at 93 Via Orilla Dorado.  These actions violate 42 U.S.C. § 3604(f)(3)(B).

81.     The actions of Defendants as described herein violate 42 U.S.C. § 3617 in that they interfere with the Mosses' exercise and enjoyment of rights protected under 42 U.S.C. § 3604.

**SECOND CLAIM FOR RELIEF**
**(Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*)**

82.    Plaintiffs reallege and incorporate by reference all of the allegations set forth in paragraphs 1 through 79 above.

83.    The actions of the La Entrada Defendants as described herein constitute discrimination by a refusal to make reasonable modifications to afford services, facilities, privileges, advantages, or accommodations to Jennifer Moss in violation of 42 U.S.C. § 12182(b)(2)(A)(ii).

84.    The actions of the La Entrada Defendants as described herein constitute discrimination by a refusal to remove architectural barriers in existing facilities where such removal is readily achievable and a failure to maintain access to places of public accommodation in operable working condition.  These actions violate 42 U.S.C. § 12182(b)(2)(A)(iv) and 28 C.F.R.§ 36.211.

**THIRD CLAIM FOR RELIEF**
**(Nuisance)**

85.    Plaintiffs reallege and incorporate by reference all of the allegations set forth in paragraphs 1 through 82 above.

86.    The actions of Defendants as described herein, which were intentional, reckless, and/or negligent, resulted in physical conditions that for a period of years unreasonably interfered with, substantially impaired, and otherwise deprived the Mosses of the reasonable use and enjoyment of their property at 93 Via Orilla Dorado.

87.    Plaintiffs suffered harm as a direct and proximate result of the nuisances afflicting their use and enjoyment of their home.

## FOURTH CLAIM FOR RELIEF
### (Wrongful Interference with Easement)

88.    Plaintiffs reallege and incorporate by reference all the allegations set forth in paragraphs 1 through 85 above.

89.    As owners of 93 Via Orilla Dorado, Michael and Mary Ann Moss hold a use and access easement in the common areas of the community, including the sidewalk running in front of their home.

90.    The actions of Defendants as described herein obstructed and unlawfully interfered with the Mosses' use and access easement, causing harm to plaintiffs.

## FIFTH CLAIM FOR RELIEF
### (Prima Facie Tort)

91.    Plaintiffs reallege and incorporate by reference all the allegations set forth in paragraphs 1 through 88 above.

92.    The actions of Defendants as described herein, if otherwise lawful, caused tortious harm to Plaintiffs and are actionable under the prima facie tort doctrine.

93.    All relevant conduct by Defendants described herein was intentional, and was taken with the certain knowledge that injury to Plaintiffs would necessarily result.

94.    Defendants' actions directly and proximately caused Plaintiffs economic and emotional injury.

95.    Defendants' conduct lacked any purpose sufficient to justify the injury to Plaintiffs.

## SIXTH CLAIM FOR RELIEF
### (Negligence)

96.    Plaintiffs reallege and incorporate by reference all the allegations set forth in paragraphs 1 through 93 above.

97.     Each Defendant owed Plaintiffs a duty of care in the exercise of the rights, powers, authority, and responsibilities conferred on Defendants by the Charter and New Mexico law.

98.     Defendants' actions as described herein constituted a breach of that duty of care.

99.     Plaintiffs suffered injury as a direct and proximate result of Defendants' breach of their duty of care.

## PRAYER FOR RELIEF

100.    Plaintiffs pray that this Court grant the following relief:

i.      enter a declaratory judgment finding that the foregoing actions of Defendant violate the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.* and the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*;

ii.     enter a permanent injunction directing Defendants, including the La Entrada Board Members, employees, and representatives, to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent similar occurrences in the future;

iii.    award compensatory damages in an amount to be determined by the jury that would fully compensate Plaintiffs for the humiliation, embarrassment, mental and emotional distress, and economic losses caused by the conduct of Defendants alleged herein;

iv.     award punitive damages to the Plaintiffs in an amount to be determined by the jury that would punish Defendants for their willful, wanton, and reckless conduct alleged herein and that would effectively deter Defendants from engaging in similar conduct in the future;

      v.        award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. §§ 3613(c)(2) and 12205; and

      vi.      order such other relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

101.    Plaintiffs request trial by jury as to all issues in this case.

Dated:  October 26, 2014

Respectfully submitted,

  /s/ Reed Colfax              
REED N. COLFAX
RELMAN, DANE, & COLFAX PLLC
2009 Botulph Road
Santa Fe, NM 87505
Telephone: (505) 983-1601
Facsimile: (505) 213-0575
rcolfax@relmanlaw.com

*Counsel for Plaintiffs*